## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| MARTEZE DENNIS, | ) | |
| | ) | CIVIL ACTION FILE NO. |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| INTERNATIONAL PAPER CO. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT

Plaintiff Marteze Dennis ("Plaintiff" or "Mr. Dennis") submits the following Complaint against Defendant International Paper Company ("IP" or "Defendant Employer").

## INTRODUCTION

Throughout Plaintiff's employment with Defendant Employer his supervisor Mr. Bisbin has made inappropriate sexual/racist remarks. For example, Mr. Bisbin often joked about his penis size and compared it to the African American workers he supervised. In May 2019, Mr. Bisbin asked Plaintiff to "shake his penis" after he used the restroom. Plaintiff was offended and he had had enough of Mr. Bisbin's harassment. He made a complaint or both sexual harassment and race discrimination to IP's human resources ("HR") department. Following the complaint, Mr. Bisbin was furious with the Plaintiff for making a complaint to HR. Mr. Bisbin continued

to make sexist/racist remarks and he chided Plaintiff for being too sensitive.  Shortly,

thereafter, Plaintiff was repeatedly written up by Mr. Bisbin and then terminated all

in retaliation for Plaintiff's complaints of discrimination.  Accordingly, Mr. Dennis

brings this action against Defendant Employer for race discrimination in violation

of 42 USC Section 1981 ("Section 1981"), as well as sexual harassment and

retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, Mr.

Dennis seeks back pay, front pay, injunctive relief, compensatory and punitive

damages, as well as attorney's fees and costs against Defendant.

## JURISDICTION AND VENUE

1.     Mr. Dennis's claims present federal questions over which this Court

has jurisdiction under 28 U.S.C. §§ 1331 and 42 U.S.C. §2000e *et seq*.

2.     This Court is an appropriate venue for all of Mr. Dennis's claims under

28 U.S.C. § 1391(b) and (c) because all of the parties reside within the Northern

District of Georgia, and the substantial majority of events giving rise to Mr. Dennis's

claims occurred in this judicial district.

## ADMINISTRATIVE PROCEEDINGS

3.     Mr. Dennis timely filed a Charges of Discrimination with the Equal

Employment Opportunity Commission ("EEOC").  Attached hereto and

incorporated herein is "**Exhibit A**".

4.     On August 10, 2020 the EEOC issued Mr. Dennis his notice of right to sue.  Attached hereto and incorporated herein is "**Exhibit B**".

5.     Plaintiff has exhausted his administrative remedies prerequisite to filing this suit pursuant to Title VII.

6.     Plaintiff has commenced this action within 90 days of his receipt of the right to sue letter.

## PARTIES

7.     Plaintiff is a citizen of the United States and a resident of the state of Georgia.

8.     Defendant is a registered corporation in Georgia.

9.     Defendant transacts business in the Northern District of Georgia.

10.     Defendant is subject to this Court's jurisdiction and may be served with process at:

C T CORPORATION SYSTEM
289 S Culver Street
Lawrenceville, Georgia. 30046

## FACTUAL ALLEGATIONS

11.     Plaintiff race is African American.

12.     Plaintiff's supervisor was Mr. Lamar Bisbin.

13.     Mr. Bisbin's race is Caucasian.

14.     Defendant Employer employed fifteen or more employees for each working day in each of twenty or more calendar weeks throughout 2018 and 2019.

15.     Defendant Employer is subject to the anti-discrimination and anti-retaliation provisions of both Section 1981 and Title VII of the Civil Rights Act of 1964, as amended.

16.     On or about March 3 2017, Mr. Dennis began working for Defendant as a stacker operator.

17.     Mr. Bisbin has made inappropriate sexual/racist remarks while supervising Plaintiff.

18.     For example, Mr. Bisbin often joked about his penis size and compared his penis size to that of the African American workers he supervised.  In effect, Mr. Bisbin was stereotyping African American penis size.

19.     Mr. Bisbin's racist/sexist jokes were commonly made and it was widely known that Mr. Bisbin made such racist/sexist jokes.

20.     Plaintiff was offended by these racist/sexist jokes.

21.     In May 2019, Mr. Bisbin asked Plaintiff to "shake his penis" after he used the restroom.

22.     Plaintiff was offended by this remark.

23.     Plaintiff made a complaint of both sexual harassment and race discrimination to IP's human resources ("HR") department.

24.    Mr. Bisbin became aware of Plaintiff's complaint of race/sexual harassment.

25.    Following the complaint, Mr. Bisbin was furious with the Plaintiff for making a complaint to HR.

26.    Mr. Bisbin continued to make sexist/racist remarks, and he chided Plaintiff for being too sensitive.

27.    Plaintiff reported this continued race discrimination and harassment to IP's HR department, but no action was taken.

28.    Plaintiff also made complaints of retaliation to IP's HR department, but no action was taken.

29.    Shortly, thereafter, Plaintiff was repeatedly written up by Mr. Bisbin.

30.    Mr. Bisbin wrote Plaintiff up for things that he didn't write up Plaintiff's Caucasian co-workers for.

31.    On July 20, 2019 Plaintiff was ill.  He feared that IP was trying to fire him for retaliation, so he decided to come to work to show them that he was sick and ask that he be allowed to go home.

32.    Plaintiff requested a sick day, but Defendant Employer refused to allow him to leave.

33.     Plaintiff fell asleep at his post and he was terminated despite the fact that multiple non-African American co-workers have fallen asleep and have not been fired.

34.     Plaintiff was terminated on July 20, 2019.

35.     Plaintiff was terminated in retaliation for his complaints of race/sexual harassment.

36.     Plaintiff timely filed a charge of discrimination with the EEOC

37.     Plaintiff has been issued a right to sue letter from the EEOC

38.     Plaintiff has commenced this case within 90 day of his receipt of his right to sue letter.

## FIRST AND SECOND CAUSES OF ACTION: RACE-BASED DISCRIMINATION IN VIOLATION OF TITLE VII AND SECTION 1981 BOTH DISPARATE TREATMENT AND HOSTILE WORK ENVIROMENT

39.     Plaintiff incorporates by reference the paragraphs above, as if fully set forth herein.

40.     Plaintiff is a member of a protected group (African American).

41.     Plaintiff was employed by Defendant Employer.

42.     Plaintiff was qualified for the position he held.

43.     As detailed above, Plaintiff was subjected to disparate treatment based upon the color of his skin.

44.     Defendant Employer treated non-African American employees more favorably by not discipling them the way African American Employees were disciplined.   Further, Plaintiff was not allowed sick leave the way his Non-African American co-workers were allowed.

45.     This disparate treatment was because of Plaintiff's race.

46.     Further, Plaintiff was subject to a hostile work environment due to his race.

47.     This unwelcome disparate treatment and racial harassment was sufficiently severe and/or pervasive to alter the terms and conditions of Plaintiff's employment and/or to create a hostile working environment.

48.     Defendant Employer knew or should have known of the hostile work environment that existed at Plaintiff's place of employment and the disparate treatment of African American employees in comparison to the non-African American employees.

49.     Defendant Employer's employees failed to take prompt and appropriate remedial measures to stop the discrimination.

50.     Plaintiff suffered damages as a result of this discrimination.

51.     As a direct and proximate result of Defendant Employer's above-mentioned discriminatory actions, Plaintiff has suffered lost wages and benefits,

significantly diminished employment opportunities and emotional distress, including but not limited to outrage, shock and humiliation.

### THIRD CAUSE OF ACTION
### SEXUAL HARASSMENT IN VIOLATION OF TITLE VII

52.     Plaintiff hereby incorporates each and every preceding paragraph as if set forth fully herein.

53.     Throughout his employment, Mr. Dennis was subjected to sexual harassment and was forced to work in a sexually harassing work environment.

54.     As detailed above, Mr. Bisbin regularly and repeatedly subjected Mr. Dennis to sexual comments.

55.     All of the above conduct by Defendant Employer's employees was unwelcome, offensive, and intimidating to Mr. Dennis.

56.     Mr. Dennis repeatedly complained that this conduct was unwelcome.

57.     The sexually harassing conduct was open and notorious.

58.     Defendant's employees subjected Mr. Dennis to a hostile work environment, and no substantive remedial action was taken, for which Defendant Employer is liable.

59.     At all times relevant to this action, Defendant Employer knew or should have known of the sexual harassment endured by Mr. Dennis and the existence of a

sexually hostile work environment but failed to take immediate remedial action to protect Mr. Dennis.

60.    Mr. Dennis complained about the sexually hostile work environment and no remedial action was taken to correct the environment.

61.    Instead, Defendant Employer allowed a sexually harassing work environment to exist.

62.    Defendant Employer's actions constitute unlawful sexual harassment in violation of Title VII of the Civil Rights Act, as amended.

63.    Defendant Employer willfully and wantonly disregarded Mr. Dennis's rights, and Defendant Employer's discrimination against Mr. Dennis was undertaken in bad faith.

64.    As a result of Defendant Employer's unlawful actions, Mr. Dennis has suffered emotional distress, inconvenience, loss of income and benefits, humiliation, and other indignities.

## FORTH CAUSE OF ACTION
## RETALIATION IN VIOLATION OF BOTH
## TITLE VII AND SECTION 1981

65.    Plaintiff hereby incorporates each and every preceding paragraph as if set forth fully herein.

66.    Mr. Dennis engaged in protected activity under both Title VII and Section 1981 by repeatedly complaining of sexual harassment, a sexually hostile work environment, and race discrimination to Defendant Employer.

67.    Mr. Dennis was written up and terminated in retaliation for engaging in protected activity.

68.    Defendant Employer's actions constitute unlawful retaliation in violation of Title VII of the Civil Rights Act, as amended.

69.    Defendant Employer willfully and wantonly disregarded Mr. Dennis's rights and Defendant Employer's retaliation against Mr. Dennis was undertaken intentionally and in bad faith.

70.    As a result of Defendant Employer's unlawful actions, Mr. Dennis has suffered lost compensation and other benefits of employment, significantly diminished employment opportunities, emotional distress consisting of, but not limited to, outrage, shock, and humiliation, inconvenience, loss of income, and other indignities.

WHEREFORE, Plaintiff demands a trial by jury and for the following relief:

(a)    a declaratory judgment that Defendant has engaged in unlawful employment practices in violation of Title VII of the Civil Rights Act, as amended;

(b)    an injunction prohibiting Defendant from engaging in unlawful employment practices in violation of Title VII of the Civil Rights Act;

(c)     full back pay from the date of Plaintiff's retaliatory termination, taking into account all raises to which Plaintiff would have been entitled but for his unlawful termination, and all fringe and pension benefits of employment, with prejudgment interest thereon;

(d)     front pay to compensate Plaintiff for lost future wages, benefits, and pension;

(e)     compensatory damages, in an amount to be determined by the enlightened conscience of the jury, for Plaintiff's emotional distress, suffering, inconvenience, mental anguish, loss of enjoyment of life and special damages;

(f)     punitive damages in an amount to be determined by the enlightened conscious of the jury to be sufficient to punish Defendant for its conduct toward Plaintiff and deter it from similar conduct in the future;

(g)     reasonable attorney's fees and costs; and

(h)     other and further relief as the Court deems just and proper.

Respectfully submitted this 9th day of November, 2020.

/s/ J. Stephen Mixon
J. Stephen Mixon
Georgia Bar No. 514050
steve@mixon-law.com

Attorney for Plaintiff

THE MIXON LAW FIRM
1691 Phoenix Boulevard

Suite 150
Atlanta, Georgia 30349
Telephone: (770) 955-0100
Facsimile: (678) 999-5039